IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION


LAWRENCE ANTHONY RAY                                                    PLAINTIFF

vs.                                                         CIVIL ACTION NO. 3:10cv28-FKB

ROBERT YOUNG                                                            DEFENDANT

*consolidated with*

LAWRENCE ANTHONY RAY                                                    PLAINTIFF

vs                                                          CIVIL ACTION NO. 3:10cv62-FKB

HINDS COUNTY, MISSISSIPPI                                               DEFENDANT


MEMORANDUM OPINION AND ORDER

These consolidated actions arise out of Plaintiff's incarceration at the Hinds County Detention Center.  Plaintiff alleges that Defendant Robert Young, an officer at the detention center, used excessive force against him and that the assault resulted from Defendant Hinds County's failure to properly supervise Young.  A *Spears*[1] hearing has been held, and the parties have consented to jurisdiction by the undersigned.  Presently before the court is Defendants' motion for summary judgment.  Plaintiff has not responded to the motion.  Having considered the motion and attachments, the court concludes that motion should be granted and Plaintiff's claims dismissed with prejudice.

Defendants argue that Plaintiff's claims are barred by *res judicata*.  The attachments to Defendants' motion indicate that previously, Plaintiff filed a state court

---

[1]*Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985).

action against Defendant Young, in his individual and official capacities, arising out of this same incident. That action was styled as *Lawrence A. Ray v. Deputy Young*, cause no. 251-10-19CIV in the Circuit Court of Hinds County, Mississippi, First Judicial District. Plaintiff admitted at the *Spears* hearing that the present action was based upon the same incident as this state court action. On February 10, 2011, the state court entered a final judgment of dismissal with prejudice in that action.

Mississippi law of *res judicata* governs the disposition of Defendants' motion. *Shimon v. Sewerage & Water Bd of New Orleans*, 565 F.3d 195, 199 (5th Cir. 2009) (in determining the effect of a state court judgment, a federal court must "accept the rules chosen by the State from which the judgment is taken"). Mississippi law provides that "when a court of competent jurisdiction enters a final judgment on the merits of an action, the parties or their privies are precluded from re-litigating claims that were decided or could have been raised in that action." *Miss. Dep't of Human Serv. v. Shelby*, 802 So. 2d 89, 95 (Miss. 2001). In order for the doctrine to apply, the four identities must be present between the two proceedings: "(1) identity of the subject matter of the action; (2) identity of the cause of action; (3) identity of the parties to the cause of action; and (4) identity of the quality or character of a person against whom the claim is made." *Harrison v. Chandler-Sampson Ins., Inc.*, 891 So. 2d 224, 232 (Miss. 2005). All of these requirements are met in the present case. Thus, Plaintiff is precluded from relitigating this excessive force claims.

For the reasons stated herein, Defendants' motion is hereby granted, and Plaintiff's claims are dismissed.   A separate judgment will be entered.

So ordered and adjudged, this the 11th day of March, 2011.

/s/ F. Keith Ball
_____
UNITED STATES MAGISTRATE JUDGE